ROBERT KLEBERG v. A. J. BONDS ET AL.

An administrator who, in his fiduciary character, received Confederate treasury notes from a debtor of the estate, which the creditors refused to receive, was held to have made himself liable for such debt. But as he had not thereby discharged the debtors from whom he collected, the judgment of the district court was reversed and the cause remanded.

ERROR from De Witt. The case was tried before Hon. WESLEY OGDEN, one of the district judges.

The case was brought by *certiorari* from the county court

to the district court. The administrator had collected sundry debts in Confederate money. He had been unable to dispose of $361 90 of this currency, and he claimed that he could have collected in nothing else, and therefore asked to be credited with it. This the county court refused, and he carried the case to the district court. Upon motion the *certiorari* was dismissed, and the administrator prosecuted error.

*Glass & Callender*, for plaintiffs in error.

*Samuel C. Lackey*, for defendant in error.

CALDWELL, J.—It has been repeatedly ruled by this court, that Confederate money, so-called, cannot be considered a payment. True, it has in like manner been held that an executed contract will not be disturbed when Confederate money was the consideration. (Ramsom v. Alexander, Austin term, 1868, [*ante*, 443].) In the case of an administrator receiving a debt due his intestate's estate in Confederate money, and surrendering the evidence of debt, it cannot be viewed in the light of an executed contract. The debt still remains due, and may be collected by process of law, because the debtor is bound to know that an absolute payment in lawful money can only discharge a debt sounding in dollars, payable to any one acting in a fiduciary capacity. The judgment of the district court in dismissing the *certiorari* is reversed, and the cause remanded for further procedings not inconsistent with this opinion.

REVERSED AND REMANDED.